UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH JAY LUZIER III,

    Plaintiff,

v.                                                     CASE NO. 6:07-cv-181-Orl-19KRS

SHERIFF J.R. "JACK" PARKER, et al.,

    Defendants.

## ORDER

This case is before the Court on the following motions:

1.    Plaintiff's Motion for Extension of Time and for Court Order Against Brevard County Jail (Doc. No. 7, filed February 21, 2007) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall have thirty (30) days from the date of this order to file a second amended complaint in compliance with the Court's Order of February 9, 2007 (Doc. No. 2). <u>Failure to do so will result in the dismissal of this action without further notice.</u>

Upon review of the first amended complaint (Doc. No. 3), it appears that the issue raised in the motion for extension of time concerning access to the law library is extraneous to this litigation and is not properly raised in the instant lawsuit. Plaintiff should pursue this matter with the appropriate prison official and, if necessary, initiate separate litigation in the court having jurisdiction over the matter.

2.    Plaintiff's Motion to Appoint Counsel (Doc. No. 5, filed February 13, 2007) is **DENIED**. A civil litigant, including a prisoner proceeding *pro se*, has no absolute constitutional right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).

Instead, appointment of counsel is a privilege which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel. *Id*. In the present case, the Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim. The Court determines that there are no exceptional circumstances, such as novel or complex facts and legal issues, in this action necessitating the appointment of counsel. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). This is not a complex case and does not raise any new or novel legal issues or facts.

3. Plaintiff's Affidavit of Indigency (Doc. No. 4), construed as a motion to proceed *in forma pauperis*, is **DEFERRED** until Plaintiff submits additional financial documentation. Accordingly, the **Clerk of Court** shall send a Prisoner Consent Form and Financial Certificate to Plaintiff. Plaintiff, within **THIRTY (30) DAYS** from the date of this Order, shall **either** file a fully completed Prisoner Consent Form and Financial Certificate (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Failure to do so or to explain noncompliance within the allotted time will result in the **dismissal** of this action without further notice.

**DONE AND ORDERED** at Orlando, Florida this 26th day of February, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
sc 2/26
Joseph Jay Luzier III