UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH JAY LUZIER, III,

    Plaintiff,

v.                                      Case No. 6:07-cv-181-Orl-19KRS

SHERIFF J.R. "JACK" PARKER, et al.,

    Defendants.

## ORDER

This case is before the Court on Plaintiff's Motion for Temporary Injunction (Doc. No. 16, filed March 23, 2007). Plaintiff seeks an injunction to prevent Defendants from continuing their policy of allowing him to order only one large stamped-envelope, one small envelope, and one legal pad per week. According to Plaintiff, this limits his access to the courts.

The Eleventh Circuit has fashioned a four factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until

a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

In this case, Plaintiff has not convinced the Court that there is a substantial likelihood that he will prevail on the merits. *See, e.g., Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985) (holding that prison policy of providing prisoners two free stamps a week adequately allows prisoners to exercise their right to access to the courts). Plaintiff has also failed to show that there exists a substantial threat that he will suffer irreparable injury if the mandatory injunction, whether by temporary or preliminary injunction, is not granted. *See Redd v. Conway*, 160 Fed.Appx. 858, 862 (11th Cir. 2005) (noting that to proceed on a claim of denial of access to courts, the inmate "must allege that the prison official impeded his pursuit of a non-frivolous, post-conviction claim or civil rights action, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case seeking to vindicate basic constitutional rights"). Therefore, Plaintiff's motion for injunctive relief is hereby **DENIED**.

**DONE AND ORDERED** at Orlando, Florida on March 26, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 3/26
Joseph Jay Luzier, III

3